IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: :<br>THOMAS E. NOBLE,<br>    Movant. | : Misc. Action No. 18-111-RGA |
| THOMAS E. NOBLE,<br>    Plaintiff,<br>v.<br>CHIEF JUDGE LEONARD STARK,<br>et al.,<br>    Defendants. | |

**MEMORANDUM**

1. **Introduction**. Movant Thomas E. Noble, a *pro se* litigant incarcerated at FDC Philadelphia in Philadelphia, Pennsylvania, has engaged in filing numerous lawsuits that contain frivolous legal arguments that are vexatious and abuse the judicial process.[1] On September 13, 2004, then United States District Judge Kent A. Jordan entered an order enjoining Movant from filing any *pro se* civil rights complaints without prior approval of the Court. See *Noble v. Becker,* Civ. No. 03-906-KAJ, D.I. 12. In *Noble v. Becker*, Civ. No. 03-906-KAJ, Movant was given notice to show cause why injunctive relief should not issue. See *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). He responded to the show cause order, but "did not show cause" why the order

---

[1] The United States Court of Appeals for the Third Circuit has described Movant as a serial litigator, filing over five dozen lawsuits in federal district courts, including over thirty complaints in this District Court. *In re Noble*, 663 F. App'x 188, 189 (3d Cir. 2016) (per curiam).

should not be entered. (See Civ. No. 03-906-KAJ, D.I. 7 & D.I. 12 at 4). The barring order issued, and Movant did not appeal. In 2016, Movant filed various civil rights claims, which the District Court dismissed pursuant to the filing injunction. Movant sought mandamus relief. On October 6, 2016, the Third Circuit held that Movant was not entitled to mandamus relief vacating the district court's filing injunction, and he was not entitled to a writ of mandamus for review of the district court's enforcement of the filing injunction. *In re Noble*, 663 F. App'x at 190.

2. **Discussion.** Movant requests leave, "under protest," to file a complaint attacking the barring order as unconstitutional. (D.I. 1). Chief Judge Leonard Stark is named specifically as a defendant and is referred to in the body of the proposed complaint. (D.I. 1 at Ex. B). The caption of the proposed complaint also names as Defendants, "All Other Judges of the District of Delaware and All Judges of the Third Circuit and the Other District Courts in its Jurisdiction." (*Id.*).

3. Movant does not explain why he should be given leave to commence a new action. The proposed complaint alleges civil rights violations. It alleges a conspiracy to rob Movant of his constitutional rights. It refers to actions taken by federal district and appellate judges, Delaware judges, and Chief Judge Stark. The proposed complaint alleges that judges have "serially obstructed justice for well over three decades" and his constitutional rights have been violated by Delaware and Pennsylvania officials. As in other filings, the proposed complaint takes exception to the barring order entered in 2004, claiming it was never served upon him, and it has no legitimate force. The proposed complaint alleges the order was "a falsified document,

2

filed clandestinely" and the "judge outright lied about [his] many meritorious claims falsely labeling them frivolous." (D.I. 1 at Ex. B at p.4).

4. It is evident that Movant seeks leave to file a new complaint because he believes the 2004 barring order is unconstitutional and he is unhappy with rulings from various federal and state judges in Delaware and Pennsylvania. The proposed complaint seeks declaratory relief vacating the "unserved unconstitutional order dated 2004." (D.I. 2 at Ex. B. at p.4.) As previously discussed by the United States Court of Appeals for the Third Circuit, Movant could have challenged the 2004 barring order through the normal appeal process. *In re Noble*, 663 F. App'x at 190. He did not.

5. The proposed complaint states, "judicial immunity does not bar declaratory relief." (D.I. 1 at Ex. B at p.4). The doctrine of absolute judicial immunity does not bar claims against judges for declaratory relief. *See Larsen v. Senate of Commonwealth of Pa.*, 152 F.3d 240, 249 (3d Cir. 1998). The declaratory relief sought in the proposed complaint, however, is not "declaratory relief in the true legal sense." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (citing 28 U.S.C. § 2201; Fed. R. Civ. P. 57). A declaratory judgment "is meant to define the legal rights and obligations of the named parties in anticipation of future conduct." *O'Callaghan v. Honorable X*, 661 F. App'x 179, 182 (3d Cir. 2016) (citing *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004)). The proposed complaint seeks a declaration that the 2004 barring order is unconstitutional. Asking a court to proclaim that one's rights were violated is not a proper basis for declaratory relief. *See Corliss*, 200 F. App'x at 84 (finding declaratory relief to be inappropriate where a plaintiff asked

3

"the District Court [to] 'declare' that his constitutional rights were violated"); *accord O'Callaghan*, 661 F. App'x at 182 ("O'Callaghan's complaint sought a declaration that Honorable X had previously violated his rights. That is not a proper use of a declaratory judgment. . . ."). In reviewing the allegations, it is clear that the proposed complaint does not state a cognizable claim.

6. Because the claim for declaratory relief is not cognizable, the Court will deny the motion for approval to file a complaint. *See, e.g., Gochin v. Thomas Jefferson Univ.*, 2017 WL 2152177, *8 (E.D. Pa. May 17, 2017), app. pending, No. 17-2260. The proposed complaint raises claims that are legally frivolous and permitting a curative amendment would be futile.

7. **Conclusion**. Therefore, in accordance with Judge Jordan's September 13, 2004 order that enjoins Movant from filing new civil rights cases, Movant's motion for leave to file a complaint (D.I. 1) will be denied and all other motions will be dismissed as moot (D.I. 2, 3). *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (the court has inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."). A separate order shall issue.