IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| THOMAS E. NOBLE, | : Misc. Action No. 18-111-RGA |
| Movant. | : |

| | |
|---|---|
| THOMAS E. NOBLE, | : |
| Petitioner, | : |
| v. | : |
| CHIEF JUDGE LEONARD STARK, | : |
| Respondent. | : |

**MEMORANDUM**

1. **Introduction**. Movant Thomas A. Noble ("Movant"), a *pro se* litigant incarcerated at FDC Philadelphia, in Philadelphia, Pennsylvania, sought leave to file a new complaint as required by an order enjoining him from filing any *pro se* civil rights complaints without prior approval of this Court. *See Noble v. Becker,* Civ. No. 03-906-KAJ, D.I. 12. On April 30, 2018, I denied Movant leave to file a new complaint. (D.I. 6, 7). Movant has now filed a motion to correct category of this case and to enjoin the Clerk of Court from assigning his cases (D.I. 8), a motion to file only one copy of all documents and for leave to proceed *in forma pauperis* (D.I. 10) and a motion to stay and vacate order and to enjoin me from further adjudicating the case (D.I. 12).

2. **Case Assignment and Injunction**. Movant complains that this action was improperly opened as a miscellaneous matter rather than as a civil action. (D.I. 8). Movant must receive permission before filing a *pro se* civil rights action. This requires

that the matter be opened as a miscellaneous matter. Movant also seeks to enjoin the Clerk of Court from assigning any of his cases and from assigning his cases to judges in this court. (*Id.*)

3. To obtain a preliminary injunction, a plaintiff must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Movant has not met the requisites for injunctive relief. The motion will be denied.

4. **Filing Documents and *In Forma Pauperis*.** Movant seeks leave to file only one copy of all documents and for leave to proceed *in forma pauperis*. Movant was not given leave to file a civil complaint and this matter is closed. The motion will be dismissed as moot.

5. **Motion to Stay, Vacate, and Enjoin.** Movant contends that I cannot ethically adjudicate this case. He also asserts that only an impartial district court judge designated by the Supreme Court and not under the jurisdiction of United States Court of Appeals for the Third Circuit, can ethically adjudicate the case. In essence, he seeks my recusal

6. A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington*

2

*Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

7. Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

8. Movant takes exception to this Court's judicial rulings. This serves as his only basis to seek recusal. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by the undersigned. Nor do my rulings demonstrate the Court acting in such manner when ruling in the cases wherein Movant is a party. After careful and deliberate consideration, I have concluded that the Court has no actual bias or prejudice towards Movant and that a reasonable, well-informed observer would not question the Court's impartiality. In light of the foregoing standard and after considering Movant's assertions, the undersigned concludes that there are no grounds for recusal under 28 U.S.C. § 455. Finally, a stay is not warranted and there is no basis to vacate orders entered in this matter.

9. **Conclusion**. For the above reasons, the Court will deny Movant's motion to correct category of this case and to enjoin Clerk (D.I. 8) and motion to stay and

vacate order and to enjoin (D.I. 12) and will dismiss as moot his motion for leave to file one copy of all documents and for leave to proceed *in forma pauperis* (D.I. 10). An appropriate order will be entered.